**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE        )
                                       )
      v.                    )      I.D. # 1505015619A
                                       )            1505015619B
ANTHONY ABBATIELLO,     )
                                       )
        Defendant.        )

Submitted: January 3, 2020
Decided: April 8, 2020

### ORDER DENYING ANTHONY ABBATIELLO'S MOTION FOR POSTCONVICTION RELIEF

This 8th day of April, 2020, upon consideration of the Motion for Postconviction Relief (the "Postconviction Motion") filed by Anthony Abbatiello, Trial Counsel's and the State's responses thereto, the record in this matter, and the applicable legal authorities, including Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"), it appears to the Court that:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On March 24, 2016, after a three-day trial, Abbatiello was convicted of Attempted Assault First Degree, Reckless Endangering First Degree, Home Invasion, Robbery First Degree, four counts of Possession of a Firearm during the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited

("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"),[1] and various traffic offenses. As a result of those convictions, Abbatiello faced a minimum mandatory sentence of 38 years at Level V. After a presentence investigation, the Court sentenced Abbatiello to 53 years at Level V, suspended after 46 years, 6 months for decreasing levels of probation.[2]

2.      Abbatiello's convictions stemmed from a May 9, 2015 home invasion.[3] Carla Weston was leaving her hotel room when an intruder pushed her back into the room, displayed a gun, and demanded money. Weston complied, and the intruder then fled the room with the money and Weston's purse and cellphones. Weston went outside and alerted a nearby group of people that she had just been robbed. The group pursued the intruder, at which point he turned and fired at least three shots toward the crowd. The intruder eventually fled in a vehicle that picked him up on a roadway adjacent to the hotel.

3.      Detective Paul Doherty of the Delaware State Police developed Abbatiello as a suspect approximately one week later. Based on a partial license plate provided by witnesses, police also identified Bernard Bryant as the driver of

---

[1] Abbatiello's "person prohibited" charges were severed and tried in a separate bench trial immediately following the jury's verdict in the "A" case.

[2] *State v. Abbatiello*, I.D. No. 1505015619 (Del. Super. July 15, 2016) (SENTENCING ORDER). Abbatiello's sentence was effective Aug. 17, 2015.

[3] All facts are drawn from the State's response to Defendant's postconviction motion and the August 29, 2017 Delaware Supreme Court Order. *See* State's Resp. to Def.'s Mot. for Postconviction Relief (D.I. 132); *Abbatiello v. State*, 2017 WL 3725063 (Del. Aug. 29, 2017). Citations to the docket in this order are to the docket in I.D. No. 1505015619A.

the vehicle in which Abbatiello fled. Records showed attempted contact between cell phones linked to Abbatiello and Bryant the night before and the morning of the robbery. In addition, Investigator Brian Daly testified that Abbatiello's call detail record showed only two phone calls on May 9, 2015. One call occurred approximately four hours before the robbery, and Daly testified the cell tower location indicated Abbatiello's phone was in Delaware during that call.[4] On cross-examination, Daly conceded that no records showed Abbatiello in the vicinity of the Fairview Inn at the time of the robbery.

4.    When shown a photo lineup, Weston identified Abbatiello within a few seconds as the intruder. Police later went to Abbatiello's home, but Abbatiello fled in a vehicle as police arrived. Police officers pursued Abbatiello and found the vehicle a few minutes later on the side of the road. It was apparent the vehicle had been involved in a collision, but Abbatiello had fled the scene. Abbatiello was not arrested until several months later. At his residence, police collected clothing consistent with the clothing worn by the intruder during the robbery.

5.    At trial, Abbatiello's podmate, Nicolas Jamison, testified that while awaiting trial, Abbatiello told Jamison he committed the robbery, had a gun, fired it at a person pursuing him, and planned to call alibi witnesses. Abbatiello in fact

---

[4] *State v. Abbatiello*, I.D. No. 1505015619 (Trial Transcript) (hereinafter "Trial Tr.") (Mar. 23, 2016) 44-49.

called two alibi witnesses at trial, both of whom testified Abbatiello was in Philadelphia at the time of the robbery. Abbatiello also took the stand, denied having any role in the robbery, and testified he was in Philadelphia at the time it occurred.

6. After the jury found him guilty, Abbatiello appealed his convictions, and on August 29, 2017, the Delaware Supreme Court issued an order affirming Abbatiello's convictions.[5] The Supreme Court issued its mandate on September 18, 2017.[6] Since that time, Abbatiello has filed numerous motions, including a motion for sentence modification that was denied on November 29, 2017,[7] multiple motions to compel,[8] and the present motion for postconviction relief.

7. Abbatiello filed his original *pro se* postconviction motion on April 23, 2018.[9] On May 29, 2018, Abbatiello filed a motion for appointment of counsel,[10] which the Court granted on June 5, 2018.[11] Patrick Collins, Esquire ("Postconviction Counsel") was appointed to represent Abbatiello for purposes of seeking postconviction relief, but Abbatiello ultimately decided he wanted to proceed without counsel.[12] On June 27, 2019, this Court entered an order permitting Collins

---

[5] *Abbatiello*, 2017 WL 3725063.
[6] D.I. 87.
[7] D.I. 90.
[8] In a separate order issued simultaneously with this order, the Court is denying Abbatiello's most recent motion to compel and motion to appoint an expert.
[9] D.I. 95.
[10] D.I. 102.
[11] D.I. 104.
[12] D.I. 118.

to withdraw.[13] Abbatiello has filed many amendments to his original postconviction motion, and the Court will consider the July 24, 2019 Postconviction Motion[14] and August 8, 2019 supplement[15] collectively as the final and complete statement of Abbatiello's claims. In his *pro se* Postconviction Motion, Abbatiello raises 17 grounds for relief, which generally fall into the categories of prosecutorial misconduct and ineffective assistance of counsel. Trial Counsel and the State responded to Abbatiello's arguments,[16] and Abbatiello filed a reply in further support of his claims.[17]

## ANALYSIS

8.      Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[18] A motion for postconviction relief may be barred for timeliness and repetition, among other things. A Rule 61 motion is untimely if it is filed more than one year after a final judgment of conviction.[19] A defendant also is barred from filing successive motions for relief under the Rule.[20] The Rule further prohibits motions

---

[13] D.I. 121; *see also* D.I. 120.

[14] D.I. 123.

[15] D.I. 126.

[16] *See* Aff. of Timothy J. Weiler in Resp. to Rule 61 Mot. for Postconviction Relief (D.I. 128); D.I. 132.

[17] D.I. 133.

[18] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[19] Super. Ct. Crim. R. 61(i)(1).

[20] *Id*. 61(i)(2); *see id*. 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).

based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights."[21] Finally, the Rule bars consideration of any ground for relief that previously was adjudicated in the case.[22]

9.   Notwithstanding the aforementioned procedural bars, this Court may consider a motion that otherwise is barred if the motion is based on claims that the Court lacked jurisdiction, or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[23]  Rule 61(d)(2) requires a movant to plead with particularity that (i) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted;" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."[24]

10.   Abbatiello's Postconviction Motion timely was filed.  This is his first motion for postconviction relief, and the motion therefore is not barred as successive.

---

[21] *Id*. 61(i)(3)(A)-(B).
[22] *Id*. 61(i)(4).
[23] *Id*. 61(i)(5).
[24] *Id*. 61(d)(2)(i)-(ii).

As set forth below, however, several of Abbatiello's arguments are barred because they previously were adjudicated or were not raised in a timely manner.

**I.      Several of Abbatiello's claims procedurally are barred.**

11.     In Abbatiello's Postconviction Motion and his Reply in Further Support of the Postconviction Motion, he articulates several alleged violations of his constitutional rights, including: (1) the State failed to correct the testimonies of Daly,[25] Jamison,[26] and Detective Doherty;[27] (2) the State partially withheld Jamison's criminal history;[28] and (3) the Court failed to inquire as to potential racial bias during *voir dire*.[29]

12.     All these arguments are barred as claims that were not timely raised during trial or on direct appeal.[30]  Abbatiello's contention that the State failed to correct witness testimony and partially withheld a witness's criminal history, as well as his contention that the Court failed to inquire as to potential racial bias during voir dire, all were arguments that could have been raised in the proceedings leading to Abbatiello's conviction.  Abbatiello has not argued there is cause for relief from the procedural default.[31]

---

[25] D.I. 123 at 8-10 ("Claim 2").
[26] *Id*. at 20-22 ("Claim 7").
[27] *Id*. at 24-26 ("Claim 9").
[28] *Id*. at 16-20 ("Claim 6").
[29] D.I. 126 ("Claim 16").
[30] Super. Ct. Crim. R. 61(i)(3).
[31] *See id*.

13. Abbatiello does, however, argue the procedural bars should not apply under Rule 61(d)(2)(i) because new evidence creates a strong inference that he actually is innocent in fact of the charges for which he was convicted. Specifically, Abbatiello argues that "missing" phone calls, not contained in the phone records produced in discovery, will show Abbatiello was in Philadelphia at the time the robbery occurred.[32]

14. Abbatiello's actual innocence argument fails on the merits. Rule 61's actual innocence exception requires "new evidence creating a strong inference that [the defendant] was actually innocent of the underlying charges."[33] Abbatiello's argument is conclusory and therefore does not meet the pleading requirement for actual innocence. Abbatiello claims the State committed prosecutorial misconduct by suppressing sections of the call detail record for Abbatiello's phone, which he alleges would reveal additional phone calls that would place him in Philadelphia at the time of the robbery. As discussed in detail below,[34] Abbatiello has failed to show there are missing sections to the call detail record for his phone. Accordingly, he has not shown that it is more likely than not that no reasonable juror would have

---

[32] D.I. 123 at 12-13 ("Claim 4").
[33] *Winn v. State*, 2015 WL 8710303, at *2 (Del. Dec. 11, 2015); *see State v. Taylor*, 2018 WL 3199537, at *7 (Del. Super. June 28, 2018).
[34] *See* ¶¶ 20-24, *infra*.

8

found him guilty, and Abbatiello therefore cannot meet his burden to demonstrate actual innocence under Rule 61(d)(2).

## II.    Abbatiello's ineffective assistance of counsel claims do not support postconviction relief.

15.    Abbatiello's ineffective assistance of counsel claims could not be raised at trial or on direct appeal from his conviction and therefore are not barred procedurally.[35]  Abbatiello contends his trial counsel, Timothy J. Weiler, Esquire ("Trial Counsel"), failed to (1) suppress cell phone information; (2) investigate or obtain an expert witness; (3) object to the State's perjury warning; (4) compel witnesses to testify; (5) address inconsistencies in witness testimony; (6) investigate Weston's illegal activity; (7) object to and present evidence regarding Susan Chambers' lineup misidentification; (8) object to the State's cross-examination of witnesses and/or rehabilitate those witnesses; and (9) cross-examine witnesses about the traffic offenses.  Abbatiello argues Trial Counsel also provided the State with inadmissible prior witness statements and deprived Abbatiello of his rights during jury selection.[36]  He additionally contends his appellate counsel, Bernard J. O'Donnell, Esquire ("Appellate Counsel") was ineffective because he failed to raise prosecutorial misconduct claims regarding Daly's and Detective Doherty's testimony.

---

[35] *State v. Evans-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[36] D.I. 126 ("Claim 17").

9

16. To prevail on a claim for ineffective assistance of counsel, a defendant must meet the well-known "*Strickland* standard," *i.e.*, that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[37] There is a strong presumption that counsel's representation was reasonable.[38] Accordingly, a defendant must make specific allegations of actual prejudice and substantiate them; mere allegations or conclusory statements will not suffice.[39]

17. Abbatiello does not meet the requisite burden to prevail on his multiple, scattershot ineffective assistance of counsel claims. Trial and Appellate Counsel's representation did not fall below an objective standard of reasonableness, and Abbatiello does not prove there is a reasonable probability that, but for the alleged errors, the result of the proceeding would have been different. My reasoning follows.

**A. Trial Counsel reasonably decided not to move to suppress the cell site location information.**

18. In his first claim for postconviction relief,[40] Abbatiello contends Trial Counsel was ineffective by failing to suppress the warrant that Detective Doherty

---

[37] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[38] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[39] *Id.*; *see Monroe v. State*, 2015 WL 1407856, at *3 (Del. Mar. 25, 2015).
[40] D.I. 123 at 6-8 ("Claim 1").

obtained for Abbatiello's cell site location information. Abbatiello argues Detective Doherty's affidavit supporting the warrant did not meet the statutory requirements, and Trial Counsel therefore was ineffective for failing to challenge the warrant.

19. According to his response to Abbatiello's motion, Trial Counsel concluded he had no good faith basis to the challenge the search warrant based upon the affidavit's sufficiency. Trial Counsel reviewed the affidavit and concluded it contained sufficient facts and evidence to support the search warrant's issuance.[41] Trial Counsel's probable cause evaluation was appropriate,[42] and his decision not to move to suppress the cell site location information therefore did not fall below an objective standard of reasonableness.

**B. Appellate Counsel was not ineffective in failing to raise a prosecutorial misconduct claim regarding Daly's testimony.**

20. In his second postconviction claim,[43] Abbatiello contends Appellate Counsel failed to argue on direct appeal that the prosecutor engaged in misconduct with respect to Daly's testimony. Abbatiello contends Daly falsely testified as to the number of voice calls associated with Abbatiello's phone on the day of the robbery. In support of that argument, Abbatiello points to call records associated with Louise Cuculino's phone. Cuculino purportedly was Abbatiello's girlfriend, and the State obtained MetroPCS records for her phone that showed she made several phone calls

---

[41] D.I. 128.
[42] *See also* D.I. 132 at 6.
[43] D.I. 123 at 8-10 ("Claim 2").

11

to Abbatiello's phone number on May 9, 2015.[44]  Those phone calls were not, however, reflected on Abbatiello's call record.  Although Trial Counsel sought to question Daly about Cuculino's call records, the records were not properly authenticated, and the Court therefore did not admit them into evidence.[45]

21.  Abbatiello argues the inconsistency between his and Cuculino's phone records implies Daly falsely testified, and Appellate Counsel was ineffective for failing to raise this issue on direct appeal.  Appellate Counsel's decision not to argue prosecutorial misconduct on appeal was reasonable because the trial record did not support such a claim.  The record evidence admitted at trial did not show any inconsistency between the phone records because Cuculino's phone records were not authenticated and never were admitted into evidence.  The fact that Cuculino's phone records exist does not mean Daly perjured himself or the State committed misconduct by eliciting Daly's testimony regarding Abbatiello's phone records, which were authenticated and admitted.[46]  In short, Abbatiello fails adequately to allege Appellate Counsel's representation did not meet the objective standard of reasonableness or that the result of the appeal would have been different had Appellate Counsel raised this claim.

---

[44] *See* Trial Tr. (May 23, 2016) 211-216.
[45] *Id*. at 213-219.
[46] As explained below, Trial Counsel's representation relating to the admissibility of the phone records was not ineffective.

12

**C. Trial Counsel's decisions not to consult an expert witness, obtain a complete call detail record, or impeach the expert witness were reasonable.**

22. In his third claim for postconviction relief,[47] Abbatiello contends Trial Counsel was ineffective for "failing to investigate the cell device record, consult an expert, seek a complete certified record, and impeach the state's expert." Abbatiello contends he told Trial Counsel of the conflict between Daly's testimony and Cuculino's phone records, but Trial Counsel did not adequately address those issues on cross-examination. Abbatiello additionally argues that Trial Counsel's failure to consult an expert witness or obtain the complete certified call data record was unreasonable.

23. Trial Counsel effectively cross-examined the State's expert witness and elicited testimony beneficial to Abbatiello, namely that Abbatiello's phone records did not place him within the vicinity of the Fairview Inn at the time of the robbery.[48] Having elicited testimony helpful to Abbatiello, Trial Counsel made the strategic decision not to discredit that witness.[49] Counsel's strategic decisions are afforded substantial deference.[50]

---

[47] D.I. 123 at 10-12 ("Claim 3").

[48] D.I. 128.

[49] *Id.*

[50] *See, e.g., Strickland*, 466 U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."); *State v. Cabrera*, 2015 WL 3878287, at *6 (Del. Super. June 17, 2015) ("The Court will give deference to strategic

13

24. As to Abbatiello's contention that Trial Counsel should have consulted an expert regarding the cell phone records, that argument is premised on Abbatiello's contention that the call detail record offered by the State was incomplete. That premise is entirely unsupported. The State authenticated the call detail records for Abbatiello's phone, and there is no evidence the records were "incomplete" or somehow edited. Even if Trial Counsel had succeeded in authenticating Cuculino's phone record, Abbatiello has not shown those records would have changed Daly's analysis or that of any other expert. Although Cuculino's phone records show she made several brief calls to Abbatiello's phone number on the day of the robbery, those calls did not register to Abbatiello's phone. Accordingly, eliciting testimony regarding the phone calls Cuculino made would not have changed the substance of Daly's expert testimony, which was limited to the fact that the call in the early morning of May 9, 2015 showed Abbatiello was in Delaware. At most, the jury would have heard that Cuculino at least attempted to call Abbatiello at other times during that day.[51] But, since those calls did not register to Abbatiello's phone, there was no associated cell tower data regarding the location of Abbatiello's phone at the time of the calls. It follows that Cuculino's records, even if authenticated and

decisions made after thorough investigation of law and facts relevant to plausible options, as such decisions are virtually unchallengeable.") (internal quotations and citations omitted).

[51] The record reflects Daly would not have been able to explain the disparity, and that several explanations were possible, including that the call went to voicemail. Trial Tr. (Mar. 23, 2016) 213-216.

14

admitted at trial, neither would have impeached Daly's testimony nor offered the jury any evidence in support of Abbatiello's defense that he was in Philadelphia at the time of the robbery. Accordingly, Abbatiello has not shown a reasonable probability that the result at trial would have been different had Trial Counsel consulted an expert or succeeded in admitting Cuculino's phone records at trial.

## D. Trial Counsel appropriately advised Abbatiello and the potential witnesses and consulted Abbatiello about calling additional witnesses.

25. In his fifth claim for postconviction relief,[52] Abbatiello contends Trial Counsel failed to object to the State's perjury warning and should have compelled the potential defense witnesses to testify. Abbatiello contends "counsel told Blaise Abbatiello, Joseph McPhilemy, Salvatore Catania and James Harrington that they are going to be arrested if they testify regardless of whether they were telling the truth."[53] Abbatiello argues the proceedings would have ended differently if Trial Counsel had compelled the other witnesses to testify.

26. As an initial matter, the Supreme Court addressed the State's perjury warning on appeal and concluded it was proper under Delaware law.[54] Accordingly, Trial Counsel was not ineffective for failing to object to the State's warning. As to Trial Counsel's statements to potential alibi witnesses, counsel denies any

---

[52] D.I. 123 at 13-16 ("Claim 5").

[53] *See id*. at 14 (citing Def.'s App. and Exs. to *Pro Se* Final Am. Mot. for Postconviction Relief (D.I. 124), Ex. C1 (Aff. of Blaise Abbatiello)). The Court hereinafter refers to Blaise Abbatiello by his first name to distinguish him from Defendant. No disrespect is intended.

[54] *Abbatiello*, 2017 WL 3725063, at *2.

15

conversations with any witnesses concerning a threat of arrest, jail, or lawyers.[55] Trial Counsel advised the witnesses of the State's position regarding the risk of a perjury charge.[56]

27. In regard to Abbatiello's claim that Trial Counsel should have compelled additional defense witnesses to testify, Trial Counsel discussed with Abbatiello whether to call Bryant as a witness and how Bryant's testimony could be favorable. Abbatiello ultimately decided he did not want Bryant interviewed or called as a witness.[57] Abbatiello cannot now claim that, but for this strategic decision in which he participated, the result of the proceedings would have been different.

**E. Trial Counsel effectively addressed witness statement inconsistencies.**

28. In his eighth claim for postconviction relief,[58] Abbatiello contends Trial Counsel was ineffective in failing to address inconsistencies in witness statements and for failing to impeach Detective Doherty's and Weston's testimony regarding Weston's initial failure to recall Abbatiello's tattoos. Abbatiello contends witness inconsistencies were a central issue to the case, and the jury could have disregarded the State's entire case had Trial Counsel highlighted the tattoo identification information.

---

[55] D.I. 128.

[56] *Id.*

[57] *Id.*; *see also* D.I. 124, Ex. H2.

[58] D.I. 123 at 22-24 ("Claim 8").

29.    Trial Counsel responds that he cross-examined Weston regarding at least six inconsistencies, including Abbatiello's tattoos,[59] and also cross-examined Detective Doherty regarding Weston's initial failure to recall those tattoos.[60] Abbatiello fails to meet his burden on this claim because Trial Counsel's representation in this regard objectively was reasonable.

**F.    Appellate Counsel was not ineffective for failing to raise a prosecutorial misconduct claim regarding Detective Doherty's testimony.**

30.    In his ninth claim for postconviction relief,[61] Abbatiello contends Appellate Counsel was ineffective for failing to raise on direct appeal the State's alleged misconduct regarding Detective Doherty's testimony.  Abbatiello posits that in her initial interview with Detective Doherty, Weston did not identify her assailant as having any tattoos, but she later testified differently and stated he did have tattoos. The State then recalled Detective Doherty to the stand, who explained that Weston stated in her initial interview that she did not recall the robber having tattoos, but later contacted Detective Doherty and stated it was possible the assailant had sleeve tattoos on his arms.

31.    Abbatiello's argument is premised on his contention that the State committed misconduct by failing to "correct" Detective Doherty's false testimony.

---

[59] D.I. 128.
[60] *Id*.
[61] D.I. 123 at 24-26 ("Claim 9").

Abbatiello fails, however, to show that any false testimony was offered. Detective Doherty's affidavit of probable cause reflects that Weston "added she believed [suspect 1] possibly has 'sleeve' style tattoos on his forearms, but she could not be entirely sure."[62] Detective Doherty's and Weston's testimonies were consistent with that record. Accordingly, Abbatiello's ninth postconviction claim fails because he has not shown that Appellate Counsel's representation fell below an objective standard of reasonableness or that the result of the appeal would have been different if Appellate Counsel had raised this argument.

### G. Trial Counsel was not ineffective regarding Weston's alleged illegal activity.

32. In his tenth claim for postconviction relief,[63] Abbatiello contends Trial Counsel was ineffective by failing to investigate Weston and her purported involvement in illegal activity. Abbatiello alleges this inquiry would have showed Weston was engaged in prostitution or drug dealing and thereby revealed another person's motive to rob Weston. Abbatiello asserts Trial Counsel relied exclusively on the State's records despite information Abbatiello provided to aid in his defense, and that Trial Counsel should have pursued Weston's criminal history to cast doubt on the reliability of her identification or the credibility of her testimony.

---

[62] D.I. 124, Ex. A2 at ¶ 11.
[63] D.I. 123 at 26-29 ("Claim 10").

33. First, Trial Counsel did in fact address Weston's alleged illegal activity during cross-examination.[64] Additionally, Jamison testified that Abbatiello robbed Weston because she was a drug dealer.[65] Fundamentally, however, the issue of *why* someone robbed Weston was not material at trial; the issue at trial was *who* robbed her. Accordingly, the fact that other unnamed persons may have been motivated to rob Weston had no bearing on whether Abbatiello in fact robbed her.[66] Accordingly, Abbatiello has not shown there is a reasonable probability that the result at trial would have been different if Trial Counsel had focused more on Weston's alleged criminal activity or other persons' alleged motives to rob her.

**H. Trial Counsel reasonably decided not to call Chambers as a witness.**

34. In his eleventh claim for postconviction relief,[67] Abbatiello contends Trial Counsel was ineffective for failing to call Susan Chambers as a witness and to emphasize that she identified someone other than Abbatiello in the photo lineup. Chambers was present at the Fairview Inn at the time of the robbery and later was shown a photo lineup that included Abbatiello's picture. Chambers chose another picture, not Abbatiello's, as the person she believed she saw fleeing from the

---

[64] *Id.* at 13; *see* Trial Tr. (Mar. 23, 2016) 103.
[65] Trial Tr. (Mar. 23, 2016) 137.
[66] *See* D.I. 128.
[67] D.I. 123 at 29-31 ("Claim 11").

Fairview Inn. Chambers stated, however, that her certainty in her selection was only "five out of ten."[68]

35. Trial Counsel concedes he misunderstood before trial which witness misidentified Abbatiello in the lineup.[69] During trial, the State provided Chambers' contact information to Trial Counsel, but he ultimately did not call her as a witness. Even if Trial Counsel's failure to subpoena Chambers fell below an objective standard of reasonableness, Abbatiello has not met *Strickland*'s second prong. Chambers' uncertainty regarding the identification rendered the testimony fairly unimportant, particularly in comparison to Weston's identification, the video surveillance, and the evidence obtained at Abbatiello's home.[70] Abbatiello fails to meet the burden on this claim because he has not shown the result of the trial would have been different if Chambers was called as a witness.

**I. Trial Counsel's decision to provide the State with the investigator's witness interview reports did not amount to ineffective assistance.**

36. In his twelfth claim for postconviction relief,[71] Abbatiello contends Trial Counsel was ineffective by providing the State with reports prepared by the defense investigator, which the State then used to impeach defense witnesses. Abbatiello argues the reports statutorily were protected from production because (1)

---

[68] D.I. 132 at 15.
[69] D.I. 128.
[70] *Id.*
[71] D.I. 123 at 31-35 ("Claim 12").

"neither witness accepted the substance of the reports[;]" (2) "Blaise's reports are part of a series and when read in order it's clear that another conversation was only partially mentioned[;]" (3) Investigator Raymond "Scott did not create those reports while he was on the phone with them[;]" and (4) "Scott admitted to counsel that he's not sure whether or not he took notes."[72]

37.     Superior Court Criminal Rule 26.2 requires parties to provide any prior statements of testifying witnesses to opposing counsel once those witnesses have testified.  Both parties to a proceeding are required to produce "any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified[.]"[73]  A statement includes a "substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement[.]"[74]  Trial Counsel determined that memoranda prepared by the defense investigator contemporaneously recording the substance of his interviews with various witnesses met the requirements of Rule 26.2.[75]  Abbatiello has not shown those reports fall outside Rule 26.2 and therefore fails to meet his burden of showing counsel's representation fell below an objective standard of reasonableness.  Moreover, Abbatiello has not shown to a reasonable

---

[72] *Id*. at 33.
[73] Super. Ct. Crim. R. 26.2.
[74] *Id*. 26.2(f)(2).
[75] D.I. 128.

21

degree of probability that, but for the production of these witness statements, the jury would have returned a different verdict. The State's impeachment of Abbatiello's alibi witnesses consisted of more than the statements at issue,[76] and the credibility of those witnesses also was imperiled by Jamison's testimony, Weston's identification, the physical evidence, and the cell phone records.

## J. Abbatiello fails to show Trial Counsel's examination of Blaise and McPhilemy was deficient.

38. In his thirteenth claim for postconviction relief,[77] Abbatiello contends Trial Counsel was ineffective for failing to rehabilitate Blaise and McPhilemy's credibility. Abbatiello contends Trial Counsel failed to provide additional facts to rehabilitate the witnesses and should have objected to asked and answered questions during cross-examination.

39. Trial Counsel warned Abbatiello about the danger of presenting a weak alibi defense.[78] Abbatiello additionally does not identify which of the State's questions he contends were objectionable or the grounds for the objections he believes Trial Counsel should have made. Abbatiello fails to meet the burden on this claim because his motion lacks specificity as to how Trial Counsel's representation on these grounds constitutionally was deficient.

---

[76] Trial Tr. (Mar. 23, 2016) 168-176, 189, 195-201. In addition, Abbatiello's two alibi witnesses' testimony internally was inconsistent.
[77] D.I. 123 at 35-36 ("Claim 13").
[78] D.I. 128; *see also* D.I. 124, Ex. H2.

**K.** **Abbatiello's claim that Trial Counsel failed to hold the State's case to meaningful adversarial testing regarding the traffic offenses fails.**

40.     In his fourteenth claim for postconviction relief,[79] Abbatiello contends Trial Counsel was ineffective for failing to cross-examine witnesses about the traffic offenses.  Abbatiello argues this failure left him no choice but to take the stand, and by doing so he exposed himself to a flight instruction.

41.     Both Trial Counsel and the Court discussed with Abbatiello the implications and risks of choosing to testify.[80]  Abbatiello represented to the Court that no one forced him to testify, and that he was making that decision of his own free will.[81]  Trial Counsel's strategic decisions in regard to examining Trooper Peter Irwin, Jr. and Detective Doherty regarding the traffic offenses were reasonable and did not force Abbatiello to testify.  Moreover, it was not Abbatiello's testimony that led to the flight instruction; by the time Abbatiello testified, the Court already had ruled that the record supported giving the jury an instruction regarding flight.  Abbatiello therefore fails to meet his burden on this claim.

---

[79] D.I. 123 at 36-38 ("Claim 14").
[80] D.I. 128; Trial Tr. (Mar. 23, 2016) 154-161.
[81] Trial Tr. (Mar. 23, 2016) 154-161.

**L.** **Trial Counsel reasonably made jury selection decisions and included Abbatiello in those decisions.**

42. In his seventeenth claim for postconviction relief,[82] Abbatiello contends Trial Counsel was ineffective by striking all but one African-American juror, keeping that juror, and failing to inquire about possible prejudice.

43. Trial Counsel stated it is his practice to inform the defendant about jury selection and involve him in the selection process.[83] Trial Counsel actively involved Abbatiello in jury selection, and Trial Counsel had the opportunity during *voir dire* to inquire about possible bias or prejudice. Moreover, Abbatiello's claim lacks specificity regarding what type of purported bias Trial Counsel should have explored. Striking a juror on the basis of race would have been unconstitutional. This claim therefore fails.

44. In sum, Abbatiello does not meet his burden of showing Trial Counsel's or Appellate Counsel's performance objectively was unreasonable or that Abbatiello was prejudiced as a result of any alleged deficiencies.[84]

---

[82] D.I. 126 ("Claim 17").

[83] D.I. 128.

[84] Abbatiello additionally argues that the State committed misconduct by misleading the defense, and that the impact of all cumulative errors render the trial fundamentally unfair. These arguments are not supported by the record, and because the Court finds Abbatiello does not meet the requisite burden on any of his claims, there is no cumulative effect to consider.

## CONCLUSION

NOW, THEREFORE, IT IS ORDERED that Anthony Abbatiello's Motion for Postconviction Relief is DENIED.

/s/ Abigail M. LeGrow

Abigail M. LeGrow, Judge

Original to Prothonotary
cc: Matthew Keating, Deputy Attorney General
Timothy J. Weiler, Esquire
Bernard J. O'Donnell, Esquire
Anthony Abbatiello, *pro se* (SBI No. 791624)